# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES HAMILTON, | : | |
| Petitioner, | : | Civ. No. 16-5705 (PGS) |
| v. | : | |
| PATRICK NOGAN, et al., | : | OPINION |
| Respondents. | : | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

Petitioner Charles Hamilton ("Petitioner" or "Hamilton") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 17, 2019, this Court denied the habeas petition.[1] Presently pending before this Court is Hamilton's motion to alter, amend or reconsider the denial of his habeas petition. (*See* ECF No. 39.) For the following reasons, Hamilton's motion will be denied.

## II. BACKGROUND

Hamilton was convicted by a jury in state court of various charges including conspiracy to commit racketeering, racketeering, distribution of a controlled substance and weapons offenses. Hamilton's direct appeal and post-conviction relief petitions ultimately proved unsuccessful.

---

[1] The habeas petition was denied via a memorandum opinion on September 17, 2019. (*See* ECF No. 37.) However, due to a clerical error, this Court failed to enter a separate order denying the habeas petition that had been referenced in the memorandum opinion. That omission will be corrected in the order that accompanies this opinion.

In 2016, Hamilton filed this federal habeas petition *pro se*.[2] (*See* ECF No. 1.) One of the claims raised by Hamilton included an argument that the trial court had deprived him of his constitutional right to counsel of his choice. This Court laid out the factual background giving rise to this claim in its previous opinion as follows:

> It appears that shortly after his arrest, Hamilton retained Maria Noto as his defense counsel. (ECF No. 26-12, at 4–5.) At the time Hamilton retained Ms. Noto as counsel, she was a solo practitioner. (*See id.*) However, in January 2006, Edward Washburne joined her firm as a partner and began assisting with her caseload. (*See* ECF No. 34-38, at 3.) Ms. Noto thereafter was out of the office for medical reasons. Upon her return to work, she shared some of her cases with Mr. Washburne "because it was impossible at that point to catch up with everything that had to be done." (*Id.*) Hamilton's case was among the files with which Mr. Washburne apparently assisted Ms. Noto. (*Id.*) Mr. Washburne attended several court hearings on Hamilton's case with Ms. Noto and met with Hamilton to discuss his defense. (*Id.*) [FN 4]
>
> [FN 4] Included in these hearings was an August 30, 2006 status conference in which the trial court indicated that Mr. Washburne would not be trying Petitioner's case. (ECF No. 26-13, at 4 ("Mr. Washburne, how long do you think your case will be? I know you won't be trying it. . . .").)
>
> On the first day of jury selection, Hamilton alerted the trial court that he was dissatisfied with his counsel, explaining:
>
>> I had discrepancies about my attorney for the longest. She handled my case, didn't investigate it properly, and just throw him on it three months ago. I don't have nothing against saying he's not a good lawyer, but she just throws him on it three months ago. I didn't pay him. He wasn't even in the firm when I paid her my money. It's a lot of things that wasn't done. She's not interested in my case. She only been down here like four times out of two

---

[2] After Hamilton filed his habeas petition, Cynthia Hardaway, Esq. entered an appearance on his behalf. (*See* ECF No. 10.) However, after Hamilton's habeas petition was denied, both Hamilton and Ms. Hardaway have indicated that she is no longer representing Hamilton in this action. (*See* ECF Nos. 40 & 41.) Therefore, the Clerk will be ordered to remove Ms. Hardaway as Hamilton's counsel of record and add Hamilton's contact information as the person to be notified considering his *pro se* status in this case moving forward.

years. She only been down here personally like four
times. I couldn't say anything because I sat in the
second row, and the only time I was spoken to was
when it was time for me to get another court date....
But I just want proper representation. This is my
life. These ain't no small charge that I have.

(ECF No. 34-37, at 3.) The trial court questioned Hamilton's dissatisfaction with his legal representation as "every motion that could have been filed was filed." (*Id.*) Then, to the extent Hamilton sought an adjournment of the pending trial date to obtain new counsel, the trial court denied an adjournment because "it's simply not practical, and there is no reason to adjourn the case at this point." (*Id.* at 4.)

Nevertheless, a week later, Ms. Noto appeared before the trial court to place on the record the history of her representation of Hamilton. (ECF No. 34-38, at 2–3.) Ms. Noto stated that in April 2006, Ms. Noto told Hamilton she "would like to have Mr. Washburne take over as his trial counsel and asked if he would have an objection." (*Id.* at 3.) According to Ms. Noto, Hamilton did not object. (*Id.*) After April 2006, Mr. Washburne handled all court appearances in this matter and continued to meet with Hamilton in preparation for trial. (*Id.* at 3–4.) In response to Ms. Noto's explanation, Hamilton denied that he had not been informed that Mr. Washburne would be taking over his representation and thought that Mr. Washburne would only be "assisting" Ms. Noto. (*Id.* at 4.)

The trial court denied Hamilton's request to substitute his counsel because it was "concern[ed] that [he was] looking for a way to adjourn this trial." (*Id.* at 6.) The trial court explained

Ms. Noto is an officer of the Court. She has an
obligation to advise the Court honestly of what has
transpired. I'm satisfied that you were aware and
agreed to Mr. Washburne taking over your
representation. If he were an attorney out of school
a year or two, that would be a difference situation,
but he obviously has about the same amount of
experience as Ms. Noto has.

...

So I have no reason to believe that Mr. Hamilton
will not have very professional and aggressive

3

> representation, and I accept your representations
> that Mr. Hamilton was made aware of this, and that
> you will be available to, based on your prior
> involvement in the case on motions to the extent
> that that's relevant at all, to be able for consultation
> with Mr. Washburne. He's represented he is
> prepared to go to trial, and he's been involved in
> this case since April for a period of five months, so
> we're going to proceed with Mr. Washburne
> representing Mr. Hamilton, and I have every reason
> to believe, Mr. Hamilton, that you will receive very
> fine representation.
>
> (*Id.*)
>
> Hamilton raised this claim on direct appeal, where it was denied by
> the Appellate Division. The Appellate Division found that "the
> trial court struck the proper balance" in weighing its right to
> control its calendar and Hamilton's constitutional right to choose
> his own counsel. (ECF No. 34-6, at 8.) As such, the denial of
> Hamilton's request for an adjournment was not an abuse of the
> trial court's discretion nor did it cause Hamilton "a manifest wrong
> or injury." (*Id.*)

(ECF No. 37 at 10-12).

This Court then provided the relevant law and analyzed this claim as follows in the September 17, 2019 memorandum opinion:

> The Sixth Amendment of the Constitution guarantees criminal
> defendants the right "to have the Assistance of Counsel for his
> defence." U.S. Const. amend. VI. The Supreme Court has
> "recognized that the purpose of providing assistance of counsel 'is
> simply to ensure that criminal defendants receive a fair trial' and
> that in evaluating Sixth Amendment claims, 'the appropriate
> inquiry focuses on the adversarial process, not on the accused's
> relationship with his lawyer as such." *Wheat v. United States*, 486
> U.S. 153, 159 (1988) (citation omitted) (first quoting *Strickland v.
> Washington*, 466 U.S. 668, 689 (1984); then quoting *United States
> v. Chronic*, 466 U.S. 648, 657 n.21 (1984)). The Supreme Court
> has further explained that "while the right to select and be
> represented by one's preferred attorney is comprehended by the
> Sixth Amendment, the essential aim of the Amendment is to
> guarantee an effective advocate for each criminal defendant rather
> than to ensure that a defendant will inexorably be represented by

4

the lawyer whom he prefers." *Id.* However, the right to choose one's counsel is not "derived from the Sixth Amendment's purpose of ensuring a fair trial" and has instead "been regarded as the root meaning of the constitutional guarantee." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 147–18 (2006). Thus, an accused is deprived of his right to choose his counsel where he "is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received." *Id.* at 148. Such an erroneous deprivation of the right to choose one's counsel is a structural error. *Id.* at 150.

However, the right to choose one's own counsel is not absolute and "is circumscribed in several important respects," including requiring that an accused's chosen counsel is a member of the bar, consents to the representation, and the accused can afford to pay his counsel. *See Wheat*, 486 U.S. at 159. Courts also have "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *Gonzalez-Lopez*, 548 U.S. at 152 (citation omitted). Indeed, "when a criminal defendant first makes a trial court aware of dissatisfaction with counsel on the eve of trial, it may not be a denial of the right to counsel of choice for the trial court to deny a continuance for the purposes of substituting or finding new counsel." *Williams v. Hendricks*, No. 00-4795, 2009 WL 2169230, at *4 (D.N.J. July 21, 2009); *see also Miller v. Blackletter*, 525 F.3d 890, 894–98 (9th Cir. 2008) (denying habeas claim for deprivation of a petitioner's right to choose his own counsel where the petitioner waited until the eve of trial to express dissatisfaction with his attorney); *United States v. Lyles*, 223 F. App'x 499, 502–03 (7th Cir. 2007) (finding that district court did not abuse its discretion in denying a request for a continuance to seek new counsel where the request was not made until the trial was scheduled to begin). Nevertheless, "a trial court may not arbitrarily deny a defendant's right to counsel of choice" and "some sort of fact finding or hearing" is required. *United States v. Voigt*, 89 F.3d 1050, 1055–56 (3d Cir. 1996); *see also Fuller v. Diesslin*, 868 F.2d 604, 609–12 (3d Cir. 1989).

The Appellate Division's decision was neither contrary to this established federal precedent nor an unreasonable application of that precedent. A hearing was held to determine the veracity of Hamilton's claim that he was unaware Mr. Washburne would act as his trial counsel. After hearing the statements of Hamilton and Ms. Noto, the trial court found, on the record, that Hamilton was aware that Mr. Washburne would represent him at trial as Ms. Noto's partner. Even if this Court were to credit Hamilton's claim

> that he believed Ms. Noto would represent him at trial, he offers no reason why he delayed presenting this issue to the trial court until the first day of trial. Under these circumstances, the trial court's decision was neither unreasonable or arbitrary where trial was set to begin and Mr. Washburne was prepared to proceed. *Accord Miller*, 525 F.3d at 898 (concluding denial of [Miller]'s motion to substitute counsel was not "the type of unreasoning and arbitrary insistence on expeditiousness that ... federal law prohibits"). Based on the Court's review of the record, there is little support for Hamilton's contention that the trial court committed any constitutional error in proceeding to trial with Mr. Washburne as Hamilton's counsel. Accordingly, Hamilton is not entitled to relief on this claim.

(ECF No. 37 at 12-14.)

After this Court issued its opinion denying Hamilton habeas relief on all of his claim, Hamilton filed a motion for reconsideration. (*See* ECF No. 39.) Hamilton states as follows in his motion:

> The crux of petitioner's Denial of Counsel of Choice issue, is that he was denied a trial date continuance so that he could continue with his Counsel of Choice of two years Maria Noto, Esq. who was conflicted between two clients and two trials; or in the alternative, time to choose Substitute Counsel of Choice.

(ECF No. 39-1 at 4-5.) In support of his motion, Hamilton asserts the following discrepancies from the Appellate Division opinion:

1. That Mr. Washburne appeared with him in court two or three times between January 2006 and April 2006.

2. That Hamilton was aware as early as April 2006 that Washburne would be representing him at trial.

3. That Noto and Washburne represented to the court that Hamilton agreed to have Washburne act as his counsel.

6

4. Hamilton did not inform the court that he did not want Noto or Washburne to represent him on the eve of trial.

(ECF No. 39-1 at 11-14.) Accordingly, Hamilton requests this Court to reconsider its denial of this habeas claim as well as the denial of a certificate of appealability on this claim.

### III. LEGAL STANDARD

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked ...." Local Civ. R. 7.1(i). Whether to grant a motion for reconsideration is a matter within the Court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked. *See BeLong v. Raymond Int'l Inc.*, 622 F.2d 1135, 1140 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co.*, 662 F.2d 975 (3d Cir. 1981); *see also Williams v. Sullivan*, 818 F. Supp. 92, 93 (D.N.J. 1993).

To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court ... [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere

disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## IV. DISCUSSION

This Court did not "overlook" issues associated with Hamilton's counsel of choice claim to the extent that they would change this Court's denial of habeas relief on this claim. Indeed, one of the key points in denying this claim, as this Court noted in its prior opinion, was that the state court conducted a hearing to determine whether Hamilton had assented to Washburne being his trial counsel. Noto made clear at this hearing that Hamilton assented to Washburne take over as trial counsel in April, 2006. (*See* ECF No. 34-38 at 3.) Despite Hamilton contesting this, and Washburne's lack of direct knowledge of this conversation that Noto had with Hamilton, the state court found Noto's testimony to be convincing. (*See id.* at 6.) Subsequently on appeal, the Appellate Division noted this fact as determined by the Superior Court and that Hamilton had requested a continuance, but only on the eve of the trial. The Appellate Division's opinion that the trial court struck the proper balance in moving forward to trial with Washburne representing Hamilton was not contrary to or an unreasonable application of clearly established federal law. Furthermore, its decision was not based on an unreasonable determination of the facts for the reasons stated above, namely that Noto stated on the record that Hamilton had assented to Washburne representing him at trial. Given the difficult to meet AEDPA standard of review that this Court was required to and did apply in reviewing Hamilton's claim under 28 U.S.C. § 2254(d) in its prior opinion, along with high bar that petitioner has failed to meet to grant a motion for reconsideration, Hamilton's motion for reconsideration will be denied.

8

## V. CONCLUSION

For the foregoing reasons, Hamilton's motion for reconsideration is denied. An appropriate order will be entered.

DATED: ~~February~~ Mar 2, 2020

PETER G. SHERIDAN
United States District Judge